City of Springfield *ex rel.* Isabella Anderson, Respondent, v. W. M. Kirby *et al.*, Appellants.

**St. Louis Court of Appeals, February 15, 1898.**

**Special Tax Bills:** INTEREST. Where special tax bills, and the ordinance under which they issued, did not provide for interest until after "issue and presentation," it was error to allow interest before presentation.

*Appeal from the Greene Circuit Court.*—Hon. James T. Neville, Judge.

AFFIRMED, conditionally on filing of remittitur for interest allowed prior to suit; otherwise caused to be reversed and remanded.

*James R. Vaughan* and *Guy D. Kirby* for appellants.

The city council is a miniature general assembly, and its enactments and ordinances, within the limits of its charter, have the force and effect of laws. Dill. on Mun. Corp. [4 Ed.], sec. 308, and notes; *Taylor v. Carondelet*, 22 Mo. 105; *St. Louis v. Foster*, 52 *Id.* 513.

They are also authorized in their corporate capacity to make assessments on property for paving, macadamizing and otherwise improving streets. R. S. 1889, sec. 1495.

*Chas. H. Anderson* and *Good & Cravens* for respondent.

The provisions contained in the tax bills and also the ordinances of the city of Springfield that if the

taxes are not paid in thirty days they shall bear interest at the rate of eight per cent per annum until paid are in direct conflict with the express provisions of the city charter, which provides that these one, two and three year tax bills shall bear interest from date of issue to date of payment. R. S. 1889, sec. 1500.

It is the charter which grants, limits and defines the power of the city council, and that power can neither be added to nor taken from by any ordinance of the city. *Heiskell v. Mayor*, 62 Md. 125; *Burnett v. Patterson*, 48 N. J. Law, 295; *Rex v. Ashwell*, 12 East, 22; *Welsh v. Bowen*, 103 Ind. 252; 1 Beach on Pub. Corp., secs. 492, 284; *Cape Girardeau v. Fougeu*, 30 Mo. App. 551; Dill. on Mun. Corp., secs. 317, 685, 781.

BOND, J.—This suit was brought on the eleventh of February, 1896, upon three special tax bills issued December 14, 1892, due in one, two and three years, respectively, to W. A. Doyle, contractor, for paving the south side of Walnut street, in the city of Springfield, under an ordinance charging the property of defendant with the cost of said improvement. There was a general denial and a trial before the court without a jury and judgment for plaintiff as assignee of the tax bills for the amount thereof, with interest at eight per cent from January 14, 1893. Defendants appealed.

The bill of exceptions recites that "the only contest in this case is upon the question of interest," appellants insisting that the court erred in allowing interest to begin thirty days after the issuance of the SPECIAL tax bills: tax bills, since each of them contains a interest. provision for interest at eight per cent "if the same is not paid in thirty days after its issue and presentation," and that a similar provision is contained in the ordinance providing for

the improvement; and that it was further shown in the evidence, and was found by the court, that none of the tax bills had been presented to the owner of the land prior to the institution of this suit.

The position of appellants is well taken. Whatever right plaintiff might have had to interest from the date of the issuance of the tax bills under the provisions of the general statutes on that subject governing cities of the class to which Springfield belongs (R. S. 1889, sec. 1500), if the tax bills had been issued in conformity with the statute in question; such right can not be asserted under the terms of the tax bills in suit, for these do not provide for interest until after presentation. As the present action is based upon them, the recovery can not extend beyond their stipulations. Neither is it any answer to this conclusion to say that both the city ordinance and tax bills contain a limitation as to interest not warranted by the general statutes, *supra*. The contract for the work was entered into in accordance with the provisions of said ordinance, and if it improperly restricts the right of the contractor to recover interest, neither he nor the assignee of the bills issued in conformity with such ordinance, can recover in a suit upon the bills themselves interest for a longer time or at a greater rate than is specified in the ordinance and tax bills. The respondent seems to concede this result by proffering, if the court so holds, to remit all interest allowed prior to suit. If such remittitur is entered within ten days the judgment of the lower court will be affirmed for the remainder of its finding, otherwise the cause will be reversed and remanded, with directions to enter judgment in accordance with this opinion. All concur.